Judge Robertson
delivered the opinion of the Court.
In 1810, William Hart sold to John Jones, a tract of land, described in the bond for a conveyance, as containing 183 1-2 acres, including the improvements, whereon E. Black then resided;, and being embraced by David Hartas entry for 2,000 acres in Montgomery county. By the title bond, Hart covenanted to make a deed with a special warranty.
Jones took possession of the land immediately after the sale, and has retained it ever since. He had paid the whole of the consideration, but Hart had failed to make him a deed according to his contract.
In 1824; this suit in chancery was instituted bp Jones, to obtain a title to so much of the tract as Hari holds a superior right to, and a reimbursement of the consideration for the deficit, for which it is alleged that he has not such right.
The bill charges that there are only 137 acrés, iri the boundary sold to Jones by Hart.
*2 The answer denies that there is any deficit in the stipulated quantity of 183 1-2 acres, and professes a readiness to make a deed according to contract.
An amended answer tenders a deed for 183 1-2 acres of land, including the improvements of Black, and embraced by David Hart’s entry; and thereupon the circuit court dismissed the bill, at Hart’s costs, -to reverse which decree, Jones has prosecuted a writ of error.
It appears from the proof in the record, that Fres-toe’s patent, of a date prior to that of David Hart, interferes with a small part of the 2000 acres; one of Frestoe’s lines protruding over one of Hart’s, a transverse line of Frestoe, running parallel with Hart’s, includes a narrow slip of land, which is covered by Hart’s claim. This slip, common to both patents, •contains upwards of 40 acres. The deed from Hart to Jones includes this disputed land.
The bond for a title, does not specify the boundaries. Its descripiionisgeneral,as has been stated.
The bill does not allege, what boundary wras sold by Hart to Jones; nor does it allege, fraud, misrepresentation or mistake. It does not state that the land covered by Frestoe was excluded in the sale; nor does either the bill or answer intimate whether the existence of Frestoe’s claim, or of its enterference with that of Hart, was known to either Hart or Jones, at the date of their contract.
The survey made at the time of the contract, contains 183 1-2 acres,'and includes the land which is ascertained to be common to the patents of Frestoe and Hart.
Under these circumstances the testimony of Morrow, who made the survey, is insufficient to justify a reversal of the decree of the circuit court.
He states that his understanding was that the par-lies intended to exclude, all land which was covered by grants older than that of Hart; and that Breckenridge, to whom Hart had previously sold 50 acres of the 2000, shewed him the boundary when he madr ■the survey.
Covenant to convey with special warranty, and deed tendered accordingly, to recover damages for' deficit in quantity, caused by inr terfering claim, there must be proof offraud, misrepresentation or mistake, or that interfering claim, was excluded by the contract of sale,
Haggin, for plaintiff; Chinn, for defendant.
This evidence is not sufiicient, for several reasons, to authorize a decree for any part of the consideration.
1st. There is only one witness, and his evidence is not corroborated. .
2d. There is no allegation in the bill which would justify a decree on Morrow’s evidence.
3d. The sale to Breckenridge, extended to the line of Hart; there is no proof that the interference by Frestoe was known; by including the interference, the precise quantity of 183 1-2 acres, will be contained in the boundary; arid that was the boundary of the survey by Morrow.
As therefore, Hart had a legal title, regularly derived, to the 183, 1-2 acres of land; and there is no allegation or proof of fraud or mistake, or that the boundary of the land sold was different from that designated in Hart’s deed to Jones, all that the chancellor could rightfully exact from Hart, was a conveyance of all his right in the 183 1-2 acres to Jones. And therefore as he made a deed transfering all his right to the 183 1-2 acres, there is no error in the decree of the circuit court; Frestoe’s claim is not even knowato be superior to Hart’s.
Wherefore, the decree is affirmed.